THE STATE, EX REL. SHOOP, PROS. ATTY., APPELLANT, *v.*
MITROVICH, JUDGE, APPELLEE.

[Cite as State, ex rel. Shoop, *v.* Mitrovich (1983), 4 Ohio St. 3d 220.]

(No. 82-463—Decided May 11, 1983.)

*Messrs. Purola & Savage* and *Mr. Albert L. Purola,* for appellant.

*Messrs. Byron & Cantor* and *Mr. Patrick T. Ryan,* for appellee.

*Mr. John W. Allen,* urging reversal for *amicus curiae,* Ohio Prosecuting Attorneys Assn.

KOEHLER, J. It is well-established that in order for a writ of prohibition to issue, the relator must show the following:

"(1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be

unauthorized by law; (3) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy." *State, ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11 [52 O.O.2d 32].

Although relator is able to establish the first element, he cannot substantiate the second and third. Relative to the second element, the court of common pleas is a court of general jurisdiction and that court has authority to "determine its own jurisdiction over both the person and the subject matter in an action before it, subject to the right of appeal." *DuBose* v. *Court* (1980), 64 Ohio St. 2d 169, 171 [18 O.O.3d 385]. The court of common pleas below determined that it had the authority to require the specified information and that it could enforce that *ex parte* order in a contempt action.

Clearly, the court of common pleas may enforce its own orders in a contempt proceeding. That power is conferred by R.C. 2705.02, as follows:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer."

We note also that the court has inherent power to define and punish contempts. *State, ex rel. Turner,* v. *Albin* (1928), 118 Ohio St. 527.

The question remains, then, whether the court of common pleas has jurisdiction over the grand jury. The grand jury itself is under the control and direction of the court of common pleas. *State* v. *Schwab* (1924), 109 Ohio St. 532. The court of common pleas is charged with certain duties and responsibilities in a supervisory capacity. R.C. 2939.01 *et seq.*; Crim. R. 6. The grand jury is essentially an arm of the court. R.C. 2939.10, which gives the prosecuting attorney or assistant prosecuting attorney access to the grand jury, does not in any way alter that basic relationship. Since the court of common pleas does not involve itself in the decision making of the grand jury, it cannot be argued that there is a violation of the doctrine of separation of powers. Thus, the court of common pleas has jurisdiction to supervise certain enumerated aspects of the grand jury, and prohibition does not lie to control the court's reasonable exercise of these powers.

Here we see no unreasonableness or overreach of authority for the court of common pleas to have required the information sought from the prosecutor in the instant case.

Finally, prohibition is not a substitute for appeal. *State, ex rel. Toerner,* v. *Common Pleas Court* (1971), 28 Ohio St. 2d 213 [57 O.O.2d 439]. The instant case does not reveal a "total want of jurisdiction" or an "unauthorized usurpation of judicial power" on the part of the court of common pleas. *State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86, 88 [73 O.O.2d 328]; *State, ex rel. Adler,* v. *Court* (1980), 61 Ohio St. 2d 1, 2 [15 O.O.3d 1]. Relator has a plain and adequate remedy at law by way of appeal from any adverse judgment against him.

The judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., PATTON, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

PATTON, J., of the Eighth Appellate District, sitting for W. BROWN, J.

KOEHLER, J., of the Twelfth Appellate District, sitting by assignment.