**State, ex rel. Baxter**
v.
**Maschari**
*[Cite as 6 AOA 180]*

*Case No. E-89-60*
*Erie County, (6th)*
*Decided August 31, 1990*

*Kevin J. Baxter, pro se.*

*John J. Callahan, for Respondent.*

*Arthur M. Ney, Jr., Prosecuting Attorney, and Philip R. Cummings, for amicus curiae Ohio Prosecuting Attorney's Association.*

*Harry R. Reinhart, for amicus curiae Ohio Association of Criminal Defense Lawyers.*

ABOOD, J.

This cause is before the court on a complaint in mandamus filed by relator, Kevin J. Baxter, the Erie County Prosecuting Attorney, against respondent, The Honorable Ann B. Maschari, Judge of the Erie County Court of Common Pleas.

The facts giving rise to this complaint are as follows. On December 8, 1989, relator filed a complaint in mandamus in which he alleged that on September 13, 1989, he had filed a motion which requested respondent to provide, him with a complete transcript of the testimony given before the Erie County Grand Jury on August 24, 1989, in the case of *State v. Lentz*, Erie County Common Pleas Court case No. 89-CR-299, and that respondent had failed to rule on that motion.

Relator alleged further in his complaint that on September 13, 1989, he also filed a motion "to provide grand jury transcript to prosecutor without providing transcript to defendant unless in accordance with law" and that on November 3, 1989, respondent denied that motion, stating in its entry that:

"A transcript of the special grand jury proceedings, convened in the above-captioned matter on August 24, 1989, shall be made by a reporter authorized by the Court. Said transcript shall be submitted to the Court when completed and be available to counsel for an *in camera* inspection as needed." (A copy of this order is attached hereto and designated Appendix A).

Relator asserted in his complaint that respondent is required by R.C.2939.11 and Crim. R. 6(E) to provide him with a transcript of the grand jury proceedings and that the refusal to do so constitutes a violation of a duty specifically provided for by law. Relator requested that a writ of mandamus be issued directing respondent to order that a copy of the transcript be made available to him.

On January 18, 1990, relator filed an amended complaint in mandamus. In his amended complaint relator alleged that on January 19, 1988, respondent had issued the following order concerning the recording, transcription, and release of the transcripts of the grand jury proceedings:

"Pursuant to Crim. R. 6 and C.P. Sup. R. 10, all Grand Jury proceedings, with the exception of deliberations and voting, shall be electronically recorded. Such record shall not be disclosed unless so directed by the Court.

"This order is effective immediately and shall continue until further order of this Court." (A copy of this order is attached hereto and designated Appendix B.)

Relator then reiterated his allegations as set forth in his original complaint in mandamus adding an additional allegation that respondent had released the entire grand jury transcript to counsel for defendant in *State v. Lentz*, without first requiring defendant to show a "particularized need" for the transcript, by its entry of December 22, 1989, which stated as follows:

"Pursuant to previous order of this Court, filed December 15, 1989, a copy of the transcript of the grand jury proceedings of August 24, 1989, has been furnished to Counsel for the State and the Defendant.

"Counsel shall acknowledge below receipt of said transcript.

"Counsel shall forthwith pay the court reporter, Marcia L. Rotsinger, in compliance with rule 13.02 of the Erie County Rules of Practice. The reporter's fee shall be borne equally by both parties." (A copy of this order is attached hereto and designated Appendix C.)

Relator alleged further in the amended complaint that respondent is mandated to conduct a hearing to determine if there exists a particularized need before releasing a grand jury transcript or a portion thereof to a criminal defendant or his counsel. Relator requested that this court issue a writ of mandamus directing respondent to provide relator with a complete transcript of any grand jury proceeding at a reasonable time after the adjournment of the grand jury session and to conduct a hearing to establish whether or not a particularized need exists on a case by case basis before releasing the transcript or a portion thereof to a defendant or his counsel.

On January 18, 1990, respondent filed her answer to relator's amended complaint in mandamus stating that relator has a plain and adequate remedy at law, that the complaint did not state a cause of action against her and that pursuant to Crim. R. 6 relator may obtain a transcript of the grand jury proceedings for use in the performance of his duties directly from the stenographer without any intervention of the court and that the transcript sought by relator has been available to him since December 22, 1989, in respondent's chambers, but he refuses to collect it.

On March 5, 1990, relator filed his second amended complaint in mandamus in which he reiterated, in counts one and two, the allegations contained in his first two complaints for mandamus. In addition, relator alleges in the third count of this complaint that, pursuant to R.C. Chapter 2939 and Crim. R. 6, he has the duty and authorization to conduct the grand jury proceedings after the grand jury has been summoned by the common pleas court. Relator alleges further that respondent has attempted to assert control over the grand jury proceedings by failing to make the grand jury transcripts available to him, by dismissing grand juries that are scheduled when the relator is ready to proceed, by requiring that she personally dismiss the grand jurors at the end of each session, by requiring that she sign the foreman's report of the grand jury and by questioning the authority of relator to substitute alternate grand jurors during sessions when a grand juror has a conflict on a specific case. In support of these allegations relator submits with his complaint, his own affidavit and the affidavit of Robert M. Moore, an assistant prosecuting attorney.

In the second amended complaint relator requests that a writ of mandamus be issued directing that he have control and custody of the tape recordings of the Erie County Grand Jury, that the official reporter of the Erie County Grand Jury be independent of the court of common pleas, that once the grand jury is summoned by the Common Pleas Court if a courtroom is unavailable for grand jury sessions relator may secure an alternate meeting place in Sandusky, Ohio, that relator shall schedule the date and time for the grand jury to meet, that the grand jury may be dismissed at the discretion of the relator, that relator not be required to seek the permission of the court to have alternative grand jurors replace a grand juror prior to an indictment vote if that juror is found to be unable or disqualified to perform his or her duty and that the court be required to establish whether or not a particularized need exists on a case by case basis before a grand jury transcript or a portion thereof is provided to a defendant or counsel for that defendant.

On March 5, 1990, relator filed a motion for a temporary restraining order or in the alternative for temporary relief requesting this court to take immediate action and issue an order restraining and restricting respondent's involvement and invasion into the grand jury process which motion was denied by this court.

On April 2, 1990, respondent filed her answer to relator's second amended complaint stating that the complaint does not state a cause of action against her, that relator has a plain and adequate remedy at law, that disclosure of matters other than the deliberations of the grand jury and the vote of any grand juror may be made to relator for use in the performance of his duties pursuant to R.C. 2939.11 and Crim. R. 6(E) and that in response to relator's motion of September 13, 1989, for a copy of the transcript of the grand jury proceedings in *State v. Lentz*, respondent secured copies from the official reporter and on December 22, 1989, notified relator that his copy was available and that it was collected by an assistant prosecuting attorney on February 2, 1990. Respondent also stated that, pursuant to R.C. Chapter 2939, relator's authority is subordinate to that of respondent as judge of the Erie County Court of Common Pleas and that the acts relator seeks to have this court order respondent to perform or refrain from performing are not duties imposed by law and therefore cannot be subject to a writ of mandamus.

On April 10, 1990, the parties filed their stipulation of facts. (A copy of which is attached hereto and designated Appendix D.) On May 11, 1990, this court granted motions of the Ohio Prosecuting Attorney's Association and the Ohio Association of Criminal Defense Lawyers for leave to file amicus curiae briefs. On May 30, 1990, a hearing was held on relator's second amended complaint in mandamus.

I.

In support of count one of his second amended complaint in mandamus relator argues that, as prosecuting attorney, he and not respondent should have control and custody of the tape recordings and/or transcripts of proceedings of the Erie County Grand Jury. Relator submits that, pursuant to R.C. 2939.11 and Crim. R. 6(E), the prosecuting attorney is obligated to record grand jury proceedings and to retain custody of the tapes and the transcripts thereof and that no such duty is placed upon respondent by statute or common law. Relator also argues that R.C. 2939.11 and Crim. R. 6(E) provide that the prosecutor is to select and arrange for a court reporter, that the reporter must furnish the transcript of the testimony before the grand jury to the prosecuting attorney and no other person, and that those provisions do not require that the court receive and retain in its custody the tape and/or transcript of the proceedings, as is respondent's current practice. Relator argues that the respon-

dent is usurping what is clearly his function by requiring him to use the court's own employee to record grand jury proceedings, by dismissing the grand jury when the court's reporter is not available and by retaining the tapes and/or transcripts of the proceedings instead of immediately and automatically releasing them to the prosecutor. Relator also argues that the provisions of Crim. R. 16(B)[1] make it clear that it is the prosecutor who retains custody of the tapes and transcripts of grand jury proceedings and not the court. Relator argues further that Crim. R. 6(D) relieves the state of the obligation to record grand jury testimony in cases other than felonies and that the logical inference to be drawn from this holding is that the state is responsible for the recordation and custody of the tapes and transcripts and not the court citing *State v. Grewell* (1989), 45 Ohio St. 3d 4. Finally, relator asserts that the trial court is abusing its supervisory powers, is encroaching upon the prerogatives of the prosecutor in grand jury proceedings and is interfering with powers of the grand jury and the proper function of the government's attorneys in grand jury investigations.

In support of count two of his second amended complaint in mandamus, relator argues that respondent is required under the law of this jurisdiction to establish whether or not a particularized need exists prior to releasing the text of a grand jury transcript to a particular defendant or counsel for that defendant. Relator asserts that respondent continually misconstrues the law and disregards the limits on her authority to retain the tapes and transcripts of grand jury proceedings, to release them in their entirety to a defendant over relator's objections and by failing to require a showing by defendants that there is a particularized need for the transcript in a particular case. Relator submits that respondent's disregard of the law prejudices the state's right to fully prosecute and investigate alleged violations of law and, by releasing a transcript *sua sponte* to a defendant as in the Lentz case without a hearing as to a particularized need, undermines the secrecy of the grand jury proceeding and causes irreparable damage to the state's case. Relator argues further that because respondent is erroneously retaining custody of grand jury transcripts the state cannot protect the secrecy of the grand jury. Relator also argues that, under Ohio law, a defendant is entitled to a copy of his testimony or that of a co-defendant pursuant to Crim. R. 16(B) but is not entitled to any other testimony given before the grand jury unless first demonstrating that a particularized need exists which outweighs the need to retain secrecy and, if a prosecutor does not comply with the rules of discovery, a defendant may petition the court for remedy and the court may order the prosecutor to release the transcript; if, however, a court has custody of the transcript and releases it indiscriminately to a defendant, the prosecutor suffers irreparable harm and prejudice. Relator submits that mandamus is proper where, as here, the court misuses its power and intrudes upon the grand jury process and requests that this court direct the respondent to assume its proper function as set forth by law and not interfere in the grand jury process.

In support of the third count of his second amended complaint in mandamus relator argues that respondent continually misconstrues her role in the grand jury process which results in an unreasonable and unlawful exercise of her supervisory powers. Relator identifies a number of actions of respondent which he asserts are unreasonable and unlawful, including respondent's practice of dictating where the grand jury will meet by directing that it use only the county courthouse, by dictating when the grand jury will meet by canceling or dismissing a grand jury when her courtroom is unavailable even if the prosecutor and the jurors are ready and able to convene elsewhere, by dictating to the prosecutor the grand jury's schedule, by requiring that only she may formally dismiss the grand jury at each day's end at her convenience and by interfering with the replacement of grand jurors with alternates and forbidding the prosecutor to place alternate jurors. Relator argues that no statute permits the respondent to conduct the grand jury business or directs the grand jury to use only its county courthouse. Relator submits that mandamus is justified where a court so intrudes upon the grand jury process.

Respondent in her brief denies that relator is entitled to the relief requested asserting first, that the common pleas court is authorized by law to direct and control the process of the grand jury and, second, that the acts relator seeks to have respondent perform or to refrain from performing are not duties imposed by law and therefore are not subject to a writ of mandamus. Respondent argues that, subject to express statutory limits, the grand jury is under the direction and control of the court of common pleas and that the prosecutors are merely permitted access to the grand jury and have no supervisory powers and, therefore, any misconception as to the parties' appro-

priate roles regarding the grand jury is on the part of relator. Respondent submits that neither R.C. Chapter 2939 nor Crim. R. 6 refer to the custody or control of grand jury transcripts but that the provisions simply permit the court reporter to make disclosure of grand jury proceedings when directed to by the court and permit the reporter to furnish transcripts of the proceedings to the prosecution. Respondent argues that these provisions clearly imply that the reporter is in possession of the notes, recordings and transcripts which must be kept secret until the reporter is released from the obligation in a court proceeding or when a prosecutor requests the transcript. Therefore the custody and control of the notes, recordings and transcripts rests with the court since the court reporter is an employee of the court and not the prosecuting attorney. Accordingly, respondent asserts that relator has no clear legal right to have control and custody of the tape recordings and/or the transcripts of the proceedings of the Erie County Grand Jury, and respondent cannot disavow the responsibilities imposed upon the court by law.

Respondent also submits that relator ignores R.C. 2301.18[2] and misreads R.C. 2939.11, arguing that the official county shorthand reporter is engaged to perform reportorial duties by the court and under R.C. 2939.11 the prosecuting attorney may require either "the official shorthand reporter of the county, or any shorthand reporter designated by the court of common pleas" to record grand jury testimony but cannot engage a reporter of his own choice. Respondent also submits that, as to relator's assertion that she misconstrues her role in the Grand Jury Process and unlawfully exercises her supervisory powers, relator has failed to meet his burden of proof. Respondent argues that relator has failed to establish that the acts relator seeks to compel are specifically enjoined by law.

Finally, respondent argues that the facts before the court indicate only that, on December 22, 1989, respondent issued a judgment entry in the Lentz case which provided that a copy of the transcript of the grand jury proceedings of August 24, 1989, had been furnished to counsel for the state and the defendant. Respondent argues that relator has offered no evidence to support his claim in Count Nos. 1 and 2 of his second amended complaint in mandamus that respondent failed to conduct a hearing and to require that the defendant demonstrate a particularized need for the grand jury transcript. Respondent argues further that the fact that she first ordered the transcript to be submitted to the court and made available to counsel for *in camera* inspection and then subsequently ordered the transcript furnished to both counsel indicates that she obviously determined that a particularized need existed in the *Lentz* case. Respondent also argues that relator had an adequate remedy at law by way of appeal to this court from her decision releasing the transcript and failed to use it and mandamus cannot be used as a substitute for appeal.

Relator, in his reply brief, asserts that R.C. Chapter 2939 does not give respondent the authority to direct how the recording of the grand jury transcript shall be disclosed to the prosecuting attorney or to require the prosecutor to request the court's permission for a copy of the grand jury transcript; rather, the law provides that the prosecutor need only request a copy from the court reporter. Relator submits that the trial court, by allowing the defendant to inspect a grand jury transcript without first demonstrating a particularized need, is acting in derogation of the statutory provisions. Relator submits further that respondent cites no law which gives the court the authority to retain custody and control of the transcript and to release it to the prosecutor only if it is released to the defendant. Relator argues that both Crim. R. 6 and Crim. R. 16(B) imply that the prosecutor retains the custody of the tapes and transcripts because it is his duty to see that the proceedings are recorded and to see that the testimony is provided to him for use in his duties. Relator also argues that it is clear from the judgment entries issued by respondent that the court's practice in all cases is to release the grand jury transcripts without first determining whether or not a defendant has shown a particularized need as required by law. Finally, relator argues that a complaint in mandamus is proper to prevent the respondent from continuing this practice.

II.

This court will determine first whether or not mandamus is the proper form of action in this case. R.C. 2731.01 defines mandamus and provides:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

R.C. 2731.03 provides:

"The writ of mandamus may require an inferior tribunal to exercise its judgment, or

proceed to the discharge of any of its functions, but it cannot control judicial discretion."

Additionally, the law is clear that, for the extraordinary writ of mandamus to issue, a court must first determine that the relator has a clear and legal right to the relief requested, that the respondent is under a clear legal duty to perform the requested relief and that the relator has no plain and adequate remedy at law. *State, ex rel. Westchester, v. Bacon* (1980), 61 Ohio St. 2d 42; *State, ex rel. Middletown Bd. of Edn., v. Butler Cty. Budget Comm.* (1987), 31 Ohio St. 3d 251.

In *State, ex rel. Liberty Mills, Inc., v. Locker* (1986), 22 Ohio St. 3d 102, 104, the Supreme Court stated that, for a remedy at law to be adequate, it should be complete in its nature, beneficial and speedy, with the inquiry being whether the legal remedy is adequate under the circumstances. The *Locker* court also stated that the mere existence of the remedy of appeal will not necessarily bar the issuance of a writ of mandamus. *Id.* See, also, *State, ex rel. Butler, v. Demis* (1981), 66 Ohio St. 2d 123.

Here respondent asserts that mandamus is not the proper remedy because there is an adequate remedy at law by way of appeal from the December 22, 1989, entry releasing the transcript of proceedings to the defendant in *State v. Lentz.*

Upon consideration of the particular circumstances of this case, it is clear that the issues raised by relator's complaint in mandamus go far beyond an allegation that the trial court abused its discretion by releasing the transcript of the grand jury proceedings in *State v. Lentz* to the defendant absent a finding of a particularized need for the transcript. Rather, the issues raised by relator's complaint in mandamus are much broader in scope than that single issue and that particular case and go to the conduct of the respondent in all grand jury proceedings taking place in Erie County and deal with the' mechanics of grand jury proceedings, as well as with the custody, control and release of the transcripts of any grand jury proceedings to both the prosecutor and the defendant. While this court has not found a previous such situation in Ohio, the remedy of mandamus has been utilized in other jurisdictions where a court has misused its judicial power and intruded beyond its supervisory role in grand jury processes. See *United States v. Moultrie* (D.C. App., 1975), 340 A. 2d 828, rehearing denied July 17 and October 2, 1975; *United States v. United States District Court for the Southern District of West Virginia* (C.A.4, 1956), 238 F. 2d 713.

Upon consideration of the foregoing, this court finds that relator has no adequate remedy at law and mandamus is the proper form of action upon which to proceed herein.

### III.

This court must next determine whether relator has demonstrated that he has a clear legal right to the relief requested in his complaint in mandamus and that the respondent is under a clear legal duty to perform the requested relief.

Grand juries are authorized under Article I, Section 10 of the Ohio Constitution which provides in pertinent part:

"O Const I § 10 Rights of criminal defendants

"*** no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentation or indictment of a grand jury; ***"

R.C. Chapter 2939 and Crim. R. 6 govern grand juries and set forth the specific duties and powers of the court and the prosecuting attorney with regard to the conduct of those proceedings. As to the general control and direction of the grand jury, the Supreme Court of Ohio in *State, ex rel. Shoup, v. Mitrovich* (1983), 4 Ohio St. 3d 220, held that the court of common pleas has jurisdiction to supervise those aspects of grand jury as are enumerated in R.C. 2939.01, *et seq.,* and Crim. R. 6. The *Shoup* court stated that the grand jury is under the control and the direction of the court of common pleas and that the court is charged with certain duties and responsibilities to act in a supervisory capacity. *Id.* at 221. The court went on to state that the grand jury is essentially an arm of the court and that R.C. 2939.10 gives the prosecuting attorney or the assistant prosecuting attorney access to the grand jury. *Id.*

### A.

This court will consider first the allegation raised by relator in the third count of his complaint in mandamus that pursuant to R.C. Chapter 2939 and Crim. R. 6 he has the duty and authority to conduct the grand jury proceedings after the grand jury has been summoned by the court but that respondent unreasonably and unlawfully asserts control in the areas as delineated in part I above, thereby misusing her supervisory powers.

As set forth above, a court of common pleas exercises supervisory powers over grand jury proceedings. *Shoup, supra.* These powers are set

forth in R.C. Chapter 2939 and Crim R. 6 and include, *inter alia,* summoning the grand jury, supervising the impaneling of the grand jury, directing the selection of alternate jurors, appointing a foreman and a deputy foreman, administering or causing to be administered the oath to the grand jurors, charging the jurors as to their duties, determining if a witness is required to answer interrogatories despite their refusal to do so, proceeding against witnesses in contempt where necessary, excusing or dismissing jurors and replacing them, discharging the jury, and ordering the drawing and impaneling of a new grand jury.

As for the prosecutor's role in the grand jury proceedings, R.C. 2939.10 provides the prosecutor with access to the grand jury and provides that the prosecutor may at all times appear before the grand jury to provide information relevant to matters before it, to advise it on legal matters and to interrogate witnesses. Crim. R. 6 provides that the prosecuting attorney may challenge the array of jurors and an individual juror on the grounds that they were not selected in accordance with the state statutes.

Upon consideration of the above authority as well as the arguments of the parties, this court finds that as to the relief requested in count three of his second amended complaint as set forth above:

1. The law does not specifically provide to the prosecuting attorney the exclusive right or power to conduct the grand jury proceedings after it has been summoned by the court;

2. While the actions by the respondent in exercising the court's supervisory powers over the grand jury proceedings may not appear to have been taken in a spirit of cooperation with the relator, relator has not demonstrated that respondent has abused or exceeded the scope of the court's supervisory powers;

3. Relator has not demonstrated a clear legal right to the relief requested in count three of his second amended complaint in mandamus.

B.

The court will consider next the issues raised in count one of relator's complaint in mandamus which pertain to the recording and transcribing of grand jury proceedings, including the custody and control of and access to the tapes, notes and/or transcripts thereof.

R.C. 2939.09 provides:

"The grand jury may appoint one of its members to be its clerk to preserve the minutes of its proceedings and actions in all cases pending before it. Such minutes shall be delivered to the prosecuting attorney before the jury is discharged."

R.C. 2939.11 provides:

"The official shorthand reporter of the county, or any shorthand reporter designated by the court of common pleas, at the request of the prosecuting attorney, or any such reporter designated by the attorney general in investigations conducted by him, may take shorthand notes of testimony before the grand jury, and furnish a transcript to the prosecuting attorney or the attorney general, and to no other person. The shorthand reporter shall withdraw from the jury room before the jurors begin to express their views or take their vote on the matter before them. Such reporter shall take an oath to be administered by the judge after the grand jury is sworn, imposing an obligation of secrecy to not disclose any testimony taken or heard except to the grand jury, prosecuting attorney, or attorney general, unless called upon in court to make disclosures."

Crim. R. 6 provides, in pertinent part:

"(D) *Who may be present.* The prosecuting attorney, the witness under examination, interpreters when needed and, for the purpose of taking the 'evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting.

"(E) *Secrecy of proceedings and disclosure.* Deliberations of the grand jury and the vote of any grand juror shall not be disclosed. Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties. A grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No grand juror, officer of the court, or other person shall disclose that an indictment has been found against a person before such indictment is filed and the case docketed. The court may direct that an indictment shall be kept secret until the

defendant is in custody or has been released until the defendant is in custody or has been released pursuant to Rule 46. In that event the clerk shall seal the indictment, the indictment shall not be docketed by name until after the apprehension of the accused, and no person shall disclose the finding of the indictment except when necessary for the issuance of a warrant or summons. No obligation of secrecy may be imposed upon any person except in accordance with this rule."

In *State v. Grewell, supra,* the Supreme Court of Ohio held that, pursuant to Crim. R. 22, grand jury proceedings in felony cases must be recorded. In so holding, the court stated that Crim. R. 6 is not inconsistent with Crim. R. 22 since Crim. R. 6(D) does not address the issue of whether recordation is mandatory or discretionary but only delineates who may be present during certain portions of the grand jury session and relieves the state of the obligation to record grand jury testimony without using a court reporter. *Id.* at 8.

As set forth above, relator argues first that he is entitled to the control and custody of any tape recordings and/or transcripts of grand jury proceedings and that he should not be required to request permission of respondent to gain access to them, but rather, he is entitled to disclosure directly from the court reporter or stenographer used. Relator also argues that he is entitled to designate the court reporter to be used to record the proceeding and that that should not be restricted to a court employee.

Respondent, while admitting in her answer and brief that the reporter may furnish the transcript of proceedings to the prosecutor, argues that the court reporter must retain possession of any notes and tapes and actual custody of those items remains with the court reporter who is a court employee and, therefore, the custody actually lies with the court and relator has shown no clear legal right to custody and control of the tapes.

Upon review of the authority set forth above, the facts, and the arguments of the parties, this court finds that:

1. It is within the discretion of the prosecuting attorney to use a shorthand reporter or to electronically record grand jury proceedings. R.C. Chapter 2939.

2. Automatic access to any tapes, notes and/or transcripts of grand jury proceedings is to be provided to the prosecutor for use in the performance of his duties and any local rules or other orders of a court in conflict herewith and which obstruct such automatic disclosure are not valid. R.C. Chapter 2939.

3. Although respondent in response to the second amended complaint acknowledges that the prosecuting attorney is entitled to receive a transcript from the court reporter, certain court rules and orders filed by the court are inconsistent therewith and contrary to law since they operate to obstruct the prosecutor's automatic access to the tapes and/or transcripts of the grand jury proceedings.

4. Respondent, in issuing these rules and orders, has clearly exceeded the supervisory authority accorded to the court by law and is acting in a manner contrary to law as stated above by:

(a) the judgment entry filed on January 18, 1988, which states:

Pursuant to Crim. R. 6 and C.P. Sup. R. 10, all Grand Jury proceedings, with the exception of deliberations and voting, shall be electronically recorded. Such record shall not be disclosed unless so directed by the Court.

"This order is effective immediately and shall continue until further order of this Court." (Appendix B.)

(b) the judgment entry filed on November 3, 1989, in *State v. Lentz* which states:

"A transcript of the special grand jury proceedings, convened in the above-captioned matter on August 24, 1989, shall be made by a reporter authorized by the Court. Said transcript shall be submitted to the Court when completed and be available to counsel for an *in camera* inspection as needed." (Appendix A.)

5. Relator has demonstrated a clear legal right to the relief requested herein and respondent has a clear legal duty to comply with R.C. Chapter 2939 and Crim. R. 6, and, therefore, relator is entitled to a writ directing respondent to comply with the law as to the recording of grand jury proceedings and the custody, control and access of the prosecuting attorney to any notes, tapes and/or transcripts of those proceedings.

6. The judgment entry signed by Respondent and filed January 18, 1988, is not a valid order.'"

C.

The court will consider next the issue raised in count two of relator's complaint in mandamus concerning the access of a defendant or counsel for a defendant to the transcript of grand jury proceedings.

A criminal defendant clearly is not entitled to the same automatic disclosure privileges of

grand jury testimony as the prosecutor. Although Crim. R. 16(B) provides that a defendant, upon motion, is entitled to inspect and copy his recorded testimony or that of a co-defendant before a grand jury, this rule does not apply to automatically authorize the discovery of other grand jury witness testimony. *State v. Greer* (1981), 66 Ohio St. 2d 139. The disclosure of witnesses testifying before the grand jury is left to the discretion of the court under Crim. R. 6; however, in *Greer,* the Supreme Court of Ohio set forth strict limitations upon the release of the grand jury testimony other than that of the defendant and co-defendant, holding:

"1. Disclosure of grand jury testimony, other than that of the defendant and co-defendant, is controlled by Crim. R. 6(E), not by Crim. R. 16(B)(1)(g), and the release of any such testimony for use prior to or during trial is within the discretion of the trial court.

"2. Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy. (Paragraph three of the syllabus in *State v. Patterson,* 28 Ohio St. 2d 181, approved and followed.)

"3. Whether particularized need for disclosure of grand jury testimony is shown is a question of fact; but, generally, it is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony.

"4. When defense counsel asserts and establishes to the satisfaction of the trial court a particularized need for certain grand jury testimony, the trial court, along with defense counsel and counsel for the state, shall examine the grand jury transcript' *in camera* and give to defense counsel those portions of the transcript relevant to the state's witness' testimony at trial, subject to the trial court's deletion of extraneous matter, and issuance of protective orders where necessary." 66 Ohio St. 2d 139 at syllabus.

Relator has asserted that respondent's practice in releasing grand jury transcripts to a defendant or counsel for a defendant has been contrary to the law as set forth above in that the court releases entire transcripts without requiring the defendant to establish in a hearing a particularized need for access to the transcript.

Respondent argues that there is no evidence that the court failed to conduct a hearing in *Lentz, supra,* or failed to require defendant to establish a particularized need, because the court obviously must have determined that such need existed before releasing the transcript to the defendant and that this court must presume the regularity of the proceedings therein.

Upon consideration of the law as set forth above and the facts herein, this court finds that:

1. Before a court may release to a defendant or counsel for defendant, a transcript of testimony of witnesses before the grand jury, other than that of the defendant or a co-defendant, the court must find that the defendant has met the burden of demonstrating a particularized need for the transcript.

2. A court speaks only through its judgment entry and, in the *Lentz* case, there was no entry finding a particularized need filed prior to or contemporaneously with the release of the transcript.

3. Relator has demonstrated a clear legal right to the relief requested and is entitled to a writ directing respondent to comply with the law as set forth above as to disclosure of grand jury transcripts to a defendant or counsel for a defendant.

## IV.

Upon consideration of the foregoing, this court finds that relator's complaint in mandamus is well-taken as to counts one and two and not well-taken as to count three. Accordingly, this court hereby issues a writ of mandamus ordering respondent, The Honorable Ann B. Maschari, to comply with the law as set forth above as to the recording of grand jury proceedings and the custody and control of the notes, tapes, and/or transcripts of those proceedings and relator's access thereto. Specifically, relator shall not be required to use only the respondent's court reporter to record grand jury proceedings; relator shall not be required to electronically record all grand jury proceedings; relator shall be entitled to have and retain custody of notes, tapes and transcripts of grand jury proceedings and not be required to request the same from respondent; respondent shall not release any part of a transcript of the grand jury proceedings other than the testimony of the defendant or co-defendant to a defendant or counsel of that defendant without first requiring the defendant to establish a particularized need for the transcript and, if such need is established, respondent shall examine the

transcript *in camera,* on the record, with both counsel present in order to determine which portions of the testimony will satisfy the particularized need.

Pursuant to R.C. 2731.06, this court orders the Clerk of Courts for Erie County Court of Appeals to issue this opinion and journal entry as its writ of mandamus to respondent by personal service. It is so ordered.

*Writ granted, in part, and denied, in part.*

HANDWORK, P.J., GLASSER, J., ABOOD, J., concur.

---

[1] (B) *Disclosure of evidence by the prosecuting attorney.*
"(1) Information subject to disclosure.
"(a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:
    "(i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof;
    "(ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer;
    "(iii) Recorded testimony of the defendant or co-defendant before a grand jury."

[2] §2301.18 "*Appointment of official shorthand reporter; term; oath.* "The court of common pleas shall appoint a stenographic reporter as official shorthand reporter of such court, who shall hold the appointment for a term not exceeding three years from the date thereof, unless removed by the court, after a good cause shown, for neglect of duty, misconduct in office, or incompetency. Such official shorthand reporter shall take an oath faithfully and impartially to discharge the duties of such position."