JOURNAL ENTRY AND OPINION
An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983) 11 Ohio App.3d 158.
Plaintiff-appellant Ohio Patrolmen's Benevolent Association (hereinafter the OPBA) appeals from the trial court's denial of its motion to show cause why defendant-appellee Cuyahoga County Sheriff should not be held in contempt for failure to comply with an arbitration order.
This court has reviewed a previous appeal between these parties arising out of the same lower court case. In Ohio Patrolmen's Benevolent Assoc. v. Cuyahoga Cty. Sheriff (Dec. 2, 1999), Cuyahoga App. No. 75026, this court determined that the trial court's decision upholding the arbitrator's award should be affirmed. The original grievance filed by the OPBA asserted that the practice by the appellee of assigning one officer to two pods of inmates during the third shift was not only a violation of the labor agreement, but was a security risk as well. The arbitrator stated the following in the section of the opinion headed award :
 Based upon the evidence received in this matter, the undersigned Arbitrator orders the cessation of the practice of double pod assignments for Officers assigned to the third shift as soon as possible after the receipt of this decision.
The Sheriff appealed the arbitrator's award to the trial court and the trial court affirmed the arbitration award. The Sheriff appealed the trial court's decision to this court, and as stated supra, this court affirmed the arbitrator's award as well. The record reveals that the motion for reconsideration to this court was denied. On March 15, 2000, the Ohio Supreme Court declined jurisdiction.
On March 10, 2000, before the trial court, the OPBA filed a motion requesting that the Sheriff either show cause or be held in contempt for disobedience of prior order. This motion included a request for attorney fees. The OPBA asserted that the Sheriff had failed to comply with the prohibition against double pod assignments in violation of the trial court's order. An immediate hearing was requested.
The docket states that on July 6, 2000, a hearing was held at which time the court granted the OPBA until July 20, 2000 to respond to the appellee's hearing brief. The appellant timely responded on July 17, 2000, and the appellee filed its reply on July 24, 2000. On January 9, 2001, the trial court's order denying the motion to show cause was journalized. This appeal followed.[1]
The appellant sets forth two assignments of error and, because they contain related issues of law and fact, this court will consider them together.
The first assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION FOR AN ORDER TO SHOW CAUSE OR BE HELD IN CONTEMPT FOR DISOBEDIENCE OF PRIOR ORDER AND FOR ATTORNEY FEES WITHOUT CONDUCTING A HEARING.
The second assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING THE APPELLANT'S MOTION FOR AN ORDER TO SHOW CAUSE OR BE HELD IN CONTEMPT FOR DISOBEDIENCE OF PRIOR ORDER AND FOR ATTORNEY FEES; AND THEREBY AUTHORIZING THE SHERIFF'S CONTINUED PRACTICE OF DOUBLE POD ASSIGNMENTS OF CUYAHOGA COUNTY SHERIFF CORRECTIONS OFFICERS IN JAIL I AT THE CUYAHOGA COUNTY JUSTICE CENTER.
In the first assignment of error, the appellant asserts that the trial court erred when it failed to conduct a hearing on the record prior to ruling on the motion to show cause. In the second assignment of error, the appellant argues that the trial court erred in denying the motion to show cause.
Notwithstanding the arguments of the parties, this court must first determine whether a final appealable order has been presented for review. R.C. 2505.02 defines a final order as follows:
(A) As used in this section:
 (1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 (2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 (3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action.
 (C) When a court issues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside.
 (D) This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state.
This court has held that in general, there is no right of appeal from the dismissal of a contempt motion unless the party making the motion is prejudiced by the dismissal. In re Chapman (June 21, 2001), Cuyahoga App. No. 78296, unreported, citing to Denovchek v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 17, and State ex rel. Boston v. Tompkins (Sept. 30, 1996), Franklin App. No. 96APEO4-429, unreported. However, in Chapman, supra, this court determined that the denial of the motion was prejudicial because it prevented a finding that the trustee of the estate was acting in contravention of a court order. The Ohio Supreme Court reached a similar conclusion in Yonkings v. Wilkinson (1999),86 Ohio St.3d 225, where the court held that the denial of the motion for contempt in that particular instance affected a substantial right.
In the case sub judice, we are constrained to find that the trial court's denial of the motion to show cause likewise affected a substantial right. The appellant is asserting that the Sheriff continues to violate a court order and that this denial impairs the safety of the officers on the third shift. This potential hazard to safety is sufficient to permit this court to find that a final appealable order has been rendered by the trial court.
Now we turn to the issues raised in the assignments of error, i.e., that of contempt and whether or not the requisite hearing was held by the court. The legislature has determined that certain acts constitute contempt of court. The pertinent sections of R.C. 2705.02(A) stated that a person guilty of disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer acts may be punished for a contempt. Both R.C. 2705.03 and R.C. 2705.05 require the court to hold a hearing:
§ 2705.03 Hearing.
 In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel. This section does not prevent the court from issuing process to bring the accused into court, or from holding him in custody, pending such proceedings.
 § 2705.05 Hearing; penalties; duty of garnishee under support order.
 (A) In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge. . . .
In Zakany v. Zakany (1984), 9 Ohio St.3d 192, at the syllabus, the Ohio Supreme Court held that a court has authority both under R.C. 2705.02(A) and on the basis of its inherent powers to punish the disobedience of its orders with contempt proceedings. In State ex rel. Corn v. Russo (2001),90 Ohio St.3d 551, the court defined contempt, in general terms, as disobedience of a court order. `It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.' Id. citing to Denovchek v. Trumbull Cty. Bd. of Commrs. (1988),36 Ohio St.3d 14, 15, quoting Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55, paragraph one of the syllabus. Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order. Corn, supra.[2] It is no defense to a finding of civil contempt that a party acted in good faith or upon the advice of counsel. State ex rel. Adkins v. Sobb (1988), 39 Ohio St.3d 34.
In State ex rel. Bitter v. Missig (1995), 72 Ohio St.3d 249, the court cited to State ex rel. Adkins v. Sobb (1988), 39 Ohio St.3d 34, 35, and State ex rel. Shoop v. Mitrovich (1983), 4 Ohio St.3d 220, 221, when it noted that courts may punish disobedience of their orders or enforce them in contempt proceedings. Since the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the court. Id. The court that issued the order sought to be enforced is in the best position to determine if that order has been disobeyed. Bitter, supra.
Indirect contempt occurs outside the court's presence and the alleged contemnor is entitled to a hearing before he may be convicted and punished, R.C. 2705.03. Burt v. Dodge, Judge (1992), 65 Ohio St.3d 34. See also In re Jadwisiak (1992), 64 Ohio St.3d 176, where the court held that one charged with contempt is entitled to a hearing before being found in contempt.
In Randolph Twp. Trustees v. Mangold (March 31, 1999), Portage App. No. 97-P-0110, unreported, the court noted that while R.C. 2705.05(A) provides that in all contempt proceedings the court shall conduct a hearing, the trial court does not have the option of reconsidering the merits of the original case. Further, in Pipe Fitters Union Local No. 392 v. Kososing Constr. Co. Inc. (1998), 81 Ohio St.3d 214, the court noted:
 This court has historically recognized the doctrine of the law of the case, which establishes that the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 11 Ohio B. Rep. 1, 2-3, 462 N.E.2d 410, 412.
 Moreover, where this court refuses jurisdiction following the issuance of an opinion by a court of appeals, the court of appeals' opinion becomes the law of the case. Hubbard ex rel. Creed v. Sauline (1996), 74 Ohio St.3d 402, 405, 659 N.E.2d 781, 784.
To begin the analysis, it must first be noted that in the case previously before this court, Ohio Patrolmen's Benevolent Assoc. v. Cuyahoga Cty. Sheriff (Dec. 2, 1999), Cuyahoga App. No. 75026, supra, no question was presented as to which sections of the county jail the arbitrator's award pertained. This issue could have been appealed by the Sheriff during the first appeal, and the Sheriff is now precluded from seeking an analysis by this court, or by the trial court, of any purported ambiguity in the arbitrator's award. The arbitrator, by the very language of the award, precluded double pod assignments during the third shift. This resolution must be taken literally and applied to both sections of the jail.
In regards to the assertion made by the appellee in his appellate brief that a hearing may be held by the judge on the briefs alone, it should be noted that the statute contemplates that the trial court hear testimony from the defendant. R.C. 2705.05. This court acknowledges that in its order of July 10, 2000, there is an indication that the trial court held a hearing[3]. The court, however, permitted further briefing on the issues. Thus, all of the arguments and/or evidence were not before the court at the time of the hearing. Additionally, at oral argument the appellee conceded that this hearing was in the nature of a pre-trial. There is no indication in the record that a hearing was held subsequent to the submission of all of the briefs. Thus, this court is loath to find that the hearing was sufficient to rule on the motion to show cause.
The parties agree that the Sheriff has ceased the double pod assignments in Jail II, but in this appeal the OPBA asserts that the double pod assignments continue in Jail I. This assertion is not disputed by the Sheriff and is sufficient to require that a hearing be held. In light of this court's finding that the arbitrator's award must be applied to both sections of the Jail, and that the required hearing was not held, this court finds that the appellant's assignments of error are well taken.
Judgment reversed and remanded for hearing.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DIANE KARPINSKI, A.J., and TIMOTHY E. McMONAGLE, J., CONCUR.
[1] The notice of appeal was filed on March 23, 2001. Attached to the notice of appeal is a copy of the postcard sent to the appellant from the court with notice of the judgment. The postmark on the postcard is February 26, 2001. This appeal was therefore timely filed.
[2] The parties have presented little argument regarding whether the show cause motion was requesting civil or criminal contempt sanctions. However, the motion to show cause requested only the enforcement of the arbitration award, clearly a civil sanction.
[3] The record reveals that at the time the trial court held the pre-trial there were affidavits from both sides before the court. The general counsel for the appellant affirmed that double pod assignments were still being made. The personnel director for the appellee affirmed that the Sheriff was in the process of hiring new employees.