THE STATE OF OHIO, APPELLEE, *v.* GREWELL, APPELLANT.

[Cite as State *v.* Grewell (1989), 45 Ohio St. 3d 4.]

(No. 88-1258—Submitted May 10, 1989—Decided August 16, 1989.)

*William M. Owens,* prosecuting attorney, for appellee.

*Charles E. Mathay Co., L.P.A.,* and *Charles E. Mathay,* for appellant.

*R. Larry Schneider,* urging affirmance for *amicus curiae,* Ohio Prosecuting Attorneys Association.

*Gloria Eyerly,* urging reversal for *amicus curiae,* Ohio Association of Criminal Defense Lawyers.

*Mark R. Devan, David Doughten* and *Patricia Walsh,* urging reversal for *amicus curiae,* Cuyahoga County Criminal Defense Lawyers Association.

H. BROWN, J. Three issues are presented for review. The primary issue is whether grand jury proceedings must be recorded. Secondary issues are whether the failure to record grand jury proceedings prejudiced the defendant Grewell, and whether the defendant's motion for acquittal should have been granted. For the following reasons we find that grand jury proceedings must be recorded and we affirm the defendant's convictions.

I

The advantages of requiring the recording of grand jury proceedings have been recognized. In 1979 the Federal Rules of Criminal Procedure were amended to require the recording of grand jury proceedings. Fed. R. Crim. P. 6(e)(1). Courts and commentators supported the change. See Notes of the Advisory Committee on 1979 Amendments to the Federal Rules of Criminal Procedure, citing *United States* v. *Aloisio* (C.A. 7, 1971), 440 F. 2d 705; *United States* v. *Cramer* (C.A. 2, 1971), 447 F. 2d 210; *Schlinsky* v. *United States* (C.A. 1, 1967), 379 F. 2d 735, certiorari denied (1967), 389

U.S. 920; *United States* v. *Gramolini* (D.R.I. 1969), 301 F. Supp. 39; 8 Moore, Federal Practice 2d (1972), Paragraph 6.02[2][d]; 1 Wright, Federal Practice and Procedure — Criminal (1969), Section 103; American Bar Association, Report of the Special Committee on Federal Rules of Procedure (1971), 52 F.R.D. 87, 94-95.

The 1979 Committee listed four benefits: (1) ensuring that the defendant may impeach a prosecution witness on the basis of prior inconsistent statements before the grand jury, (2) ensuring that the testimony received by the grand jury is trustworthy, (3) restraining prosecutorial abuses before the grand jury, and (4) supporting the case made by the prosecution at trial.

In federal and state[4] jurisdictions the grand jury serves as a shield against official tyranny, malicious prosecution, and ill-advised, expensive trials. *State, ex rel. Doerfler,* v. *Price* (1920), 101 Ohio St. 50, 54, 128 N.E. 173, 174. However, a potential for abuse still exists within the grand jury system. Examples of abuse are: selective prosecution, vindictive prosecution, the use of perjured testimony, excessive use of hearsay, and prosecutorial appeal to the passions of the jurors. See *United States* v. *Hogan* (C.A. 2, 1983), 712 F. 2d 757; *United States* v. *Serubo* (C.A. 3, 1979), 604 F. 2d 807, 818; *United States* v. *Basurto* (C.A. 9, 1974), 497 F. 2d 781; *United States* v. *Estepa* (C.A. 2, 1972), 471 F. 2d 1132. See, generally, 2 Beale & Bryson, Grand Jury Law and Practice (1986), Sections 10:01-10:17.

These abuses stem from the degree of control a prosecutor wields in grand jury deliberations. As noted by Judge Pettine, a prosecutor for eighteen years, "a sophisticated prosecutor must acknowledge that there develops between a grand jury and the prosecutor with whom the jury is closeted a rapport—a dependency relationship—which can easily be turned into an instrument of influence on grand jury deliberations. Recordation is the most effective restraint upon such potential abuses." *Gramolini, supra,* at 41-42.

Recordation also serves to make witnesses accountable for their testimony. As a result the testimony received by the grand jury is more trustworthy.

Further, without a record of the proceedings before the grand jury, the means to challenge an illegally obtained indictment would not exist. A defendant would be denied his right under Crim. R. 6(E) to obtain grand jury testimony "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." A defendant would be denied the opportunity under Crim. R. 16(B) (1)(a)(iii) to obtain his co-defendant's grand jury testimony, as well as the opportunity pursuant to Crim. R. 6(E) and our decisional law to obtain and use grand jury testimony to support his case at trial upon the showing of a "particularized need." See *State* v. *Greer* (1981), 66 Ohio St. 2d 139, 20 O.O. 3d 157, 420 N.E. 2d 982 (grand jury testimony needed for impeachment purposes); *State* v. *Sellards* (1985), 17 Ohio St. 3d 169, 173, 17 OBR 410, 413-414, 478 N.E. 2d 781, 785-786 (grand jury testimony needed to ascertain whether prosecutor intentionally withheld information from defendant).

---

[4] Section 10, Article I of the Ohio Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury * * *."

Recordation can benefit the prosecution. The record of grand jury proceedings can refute a charge of vindictive prosecution. In some instances grand jury testimony can be used to support the government's case. See *State* v. *Diehl* (1981), 67 Ohio St. 2d 389, 21 O.O. 3d 244, 423 N.E. 2d 1112 (sanctioning the use of grand jury testimony to refresh the recollection of a witness). Accord *United States* v. *Carlson* (C.A. 8, 1976), 547 F. 2d 1346 (grand jury testimony admitted as substantive evidence); *United States* v. *Morgan* (C.A. 9, 1977), 555 F. 2d 238 (grand jury testimony used to impeach a witness).

Despite these persuasive reasons, in many Ohio counties grand jury proceedings are not recorded. With this background, we turn to the question of whether the failure to record constitutes error.

Recordation is not mandated by the United States Constitution. *United States* v. *Battisti* (C.A. 6, 1973), 486 F. 2d 961; *Schlinsky* v. *United States, supra,* at 740; *United States* v. *Cianchetti* (C.A. 2, 1963), 315 F. 2d 584, 591. No court has considered the application of the Ohio Constitution to the issue. However, before doing that we need to interpret the Ohio Rules of Criminal Procedure.

Crim. R. 22 mandates that "[i]n serious offense cases *all proceedings* shall be recorded." (Emphasis added.) "Serious offense" includes any felony. Crim. R. 2.[5]

The state contends that the location of Crim. R. 22 among the rules governing trial procedure indicates that its application should be restricted to trial proceedings. The state notes that the Ohio Criminal Rules omit the specific recording requirement contained in Fed. R. Crim. P. 6(e)(1).

Ohio Crim. R. 6(D) provides that "* * * for the purpose of taking the evidence, a stenographer or operator of a recording device *may* be present while the grand jury is in session * * *." (Emphasis added.) The state argues that the word "may" indicates that recordation of grand jury proceedings is a discretionary matter.

We reject these arguments. By its explicit terms, the recordation requirement of Crim. R. 22 applies to *all* proceedings. Its application is not limited to trial proceedings. Grand jury proceedings are included within the term "all proceedings." The use of the discretionary "may" in Crim. R. 6(D) is to protect the secrecy of grand jury proceedings by delineating who may be present during particular portions of a grand jury session.[6] Crim. R. 6(D) does not address the issue of whether recordation is mandatory or discretionary. It relieves the state of the obligation to record grand jury testimony without using a court reporter. There is no inconsistency between Crim. R. 6(D) and our interpretation of Crim. R. 22. Finally, the Ohio Rules of Criminal Procedure do not represent an intentional departure from the federal rules. The Ohio rules became effective in 1973. The federal rule requiring recordation, Fed. Crim. 6(e)(1), was added in 1979.

---

[5] Crim. R. 2 defines "serious offense" as "* * * any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

[6] Crim. R. 6(D) provides in full: "The prosecuting attorney, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting."

We hold that Crim. R. 22 applies to grand jury proceedings. Pursuant to Crim. R. 22 grand jury proceedings in felony cases must be recorded. Thus, we need not decide the Ohio constitutional issue.

## II

Generally, "[g]rand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *State* v. *Patterson* (1971), 28 Ohio St. 2d 181, 57 O.O. 2d 422, 277 N.E. 2d 201, paragraph three of the syllabus, citing *State* v. *Laskey* (1970), 21 Ohio St. 2d 187, 191, 50 O.O. 2d 432, 434, 257 N.E. 2d 65, 68; *Greer, supra,* at paragraph two of the syllabus. "Whether particularized need for disclosure of grand jury testimony is shown is a question of fact; but, generally, it is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication * * *." *Greer, supra,* at paragraph three of the syllabus; *Sellards, supra.*

Grewell claimed a "particularized need" for Kathy's grand jury testimony based on the changes in dates and locations from the original indictment and bill of particulars. These changes, he claimed, indicated an inconsistency in Kathy's testimony which bore on her credibility.

The trial judge did not rule on whether Grewell had a particularized need for Kathy's testimony because Grewell withdrew his motion after learning that her testimony had not been recorded. The question of whether a particularized need exists is within the discretion of the trial court. *Greer, supra,* at paragraph one of the syllabus. Ordinarily, the issue cannot be raised on appeal absent a ruling by the trial court.

However, we should not penalize the defendant for this omission since counsel and the trial judge knew that the record of grand jury testimony was not available. We must determine whether a showing of particularized need was made.

Viewed as a whole, and considering that defendant made a plea of alibi only to count one, the discrepancies in Kathy's trial testimony are not substantial. (See fn. 3, *supra.*) Kathy's testimony at trial covered time periods similar to those listed in the original indictment and bill of particulars. The record also indicates that the specific dates contained in the amended indictment and bill of particulars were derived from sources other than Kathy.[7]

As to the locations of the rapes, Kathy's testimony at trial matched the locations listed in the amended indictment and bill of particulars.[8] Without more, no inference is established that Kathy's testimony was inconsistent with her grand jury testimony.

Therefore, we find no particularized need for Kathy's grand jury testimony which outweighs the need to maintain grand jury secrecy. The failure to record the grand jury proceedings was harmless error.

---

[7] This court has rejected the argument that particularized need can be established on the basis of pretrial allegations of potentially inconsistent testimony. *State* v. *CECOS Internatl., Inc.* (1988), 38 Ohio St. 3d 120, 526 N.E. 2d 807, citing *Laskey, supra,* at 191, 50 O.O. 2d at 434, 257 N.E. 2d at 68.

[8] Though the amendment changed the location of two counts, the record does not indicate the source for the locations listed in the original bill of particulars.

## III

Grewell moved for a judgment of acquittal at the close of the state's presentation of evidence. Crim. R. 29(A) provides that acquittal should be granted "if the evidence is insufficient to sustain a conviction." Grewell seeks acquittal because the state's evidence did not conform to the amended indictment and bill of particulars. Grewell focuses on the dates of the rapes. We have already noted that, in context, the date discrepancies are relatively minor—certainly not of a magnitude to warrant a judgment of acquittal.

Grewell was charged under R.C. 2907.02(A)(1)(b), which provides that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age * * *." R.C. 2907.01(A) defines "sexual conduct" to include fellatio. The state presented substantive evidence on all four counts going to each element of the crime charged. Thus, the evidence was sufficient to sustain Grewell's conviction.

Furthermore, the only variance between Kathy's testimony and the amended indictment and bill of particulars was on counts two and four.[9] Her testimony as to count one, the only count on which the defendant filed a notice of alibi, was identical in all respects with the amended indictment and bill of particulars. Although the defendant could hypothetically have been prejudiced by a variance on counts two and four, the record does not indicate prejudice in this case.

For these reasons we uphold defendant Grewell's conviction and affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

DOUGLAS, J., concurring. I concur in the well-reasoned decision of the majority. I write, however, to call attention to the fact that, in my judgment, the words "in felony cases" should not be part of the syllabus. *All* grand jury proceedings should be recorded. It is not unheard of that a prosecutor may seek a felony indictment but, either at the indictment stage or at trial, a misdemeanor emerges as the charge against a defendant. The fact that the charge is a misdemeanor should not dictate whether the grand jury proceedings are recorded. This position, in fact, is buttressed by the majority opinion. In posing the issue to be decided, the majority says that "* * * [t]he primary issue is whether grand jury proceedings must be recorded. * * *" In answering that question, the majority says, "* * * [f]or the following reasons we find that grand jury proceedings must be recorded * * *." There is no "felony" limitation in either the question or the initial answer.

I would require that *all* grand jury proceedings be recorded.

---

[9] Kathy's testimony as to the location of each rape was identical to the locations specified in the amended indictment and bill of particulars, and her testimony of the conduct involved in each rape was also identical with the exception of count two. The variance on count two was not prejudicial as Grewell defended on grounds that *no* sexual conduct occurred.