MEMORANDUM DECISION AND JUDGMENT ENTRY.
Defendant-appellant Wilbur Danny Parsons appeals from his convictions for aggravated robbery and robbery. We have suasponte removed this case from the accelerated calendar.
The record reflects that on November 5, 1997, William David Auxier, the music director for St. Charles Barromeo Church, had arrived early for a 7:00 p.m. choir practice and was alone in the church's choir loft playing the organ, when a man, who Auxier later identified as Parsons, entered the church. The man asked Auxier for money and requested that Auxier descend from the choir loft to speak to him. When Auxier declined, the man pulled out a gun and pointed it toward the choir loft, demanding that Auxier come down from the loft. Auxier ultimately complied and withdrew a $10 bill from his wallet. According to Auxier, the man, who was still clutching the gun, grabbed the money and then left the church.
Auxier provided the police with a description of the man who robbed him. The church pastor further informed police that a homeless individual who matched the description given by Auxier had been frequenting the church prior to the incident and had been asking the pastor and his secretary for money. Parsons admitted to being at the church and asking Auxier for the money, but told the police that he did not have a gun and that Auxier willingly handed over $10.
Parsons was charged with aggravated robbery and robbery. A jury found him guilty of both offenses, and he was sentenced to six years' incarceration on each charge, with the sentences ordered to run concurrently. He now raises five assignments of error on appeal.
The first assignment of error advanced by Parsons contends that the trial court erred by not providing to the defense Auxier's grand-jury testimony. This assignment is overruled.
Defense counsel's request for the grand-jury transcript was based upon the fact that the bill of particulars provided by the prosecutor contained the insertion, in handwritten blue-colored ink, of the words "what appeared to be" prior to the type-written words "a gun." According to Parsons, a "particularized need" for access to the grand-jury transcript was demonstrated by the apparent conflict between the handwritten insertion on the bill of particulars, the indictment and the testimony given by Auxier. Parsons furthers his contention by arguing that because the trial court indicated that there were inconsistencies upon an in camera
inspection of the grand-jury transcript, the court's refusal to permit defense counsel to review the grand-jury transcript violated Parsons's right to a fair trial.
In State v. Greer (1981), 66 Ohio St.2d 139, 420 N.E.2d 982, paragraph two of the syllabus, the Ohio Supreme Court stated that an accused is not entitled to see grand- jury transcripts unless the ends of justice require it, and he shows that "a particularized need for disclosure exists which outweighs the need for secrecy." See, also, State v. Webb (1994), 70 Ohio St.3d 325,337, 638 N.E.2d 1023, 1034. Such a need exists "when the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the defendant a fair trial." Statev. Davis (1988), 38 Ohio St.3d 361, 364-365, 528 N.E.2d 925, 929, quoting State v. Sellards (1985), 17 Ohio St.3d 169, 173,478 N.E.2d 781, 785.
Determining whether there is a "particularized need" is a matter within the trial court's discretion. State v. Greer, supra, at 148, 420 N.E.2d at 988. In State v. Grewell (1989), 45 Ohio St.3d 4,543 N.E.2d 93, the Ohio Supreme Court held that discrepancies between grand-jury testimony and information provided at a later date did not meet the "particularized need" standard, where those discrepancies were not substantial and involved only dates and locations of incidents that were easily clarified by other testimony.
In the instant case, the record reflects that, in response to defense counsel's request to be provided with the grand-jury transcript, the trial court conducted an in camera review of the transcript and promptly denied the request at an unrecorded sidebar. No explanation was given on the record at that time for the ruling. Later in the trial, defense counsel alleged that the trial court had found inconsistencies, and again brought up the subject of Auxier's grand-jury testimony. The trial court responded as follows:
 THE COURT: I'm sorry, did you want to see it? I mean, it was pretty well on point. I know what you were looking for, you were looking for in any way, shape or form that that witness didn't see a gun or had some doubts in his mind as to whether there was a gun there or not.
 I didn't see any evidence of that. All the way through — he was not asked that — but all the way through, he said from the very beginning, I [the witness] saw a gun in his hand. * * * It was very a short testimony, but there were — there was no wavering in regards to the item that I thought was most necessary that I wanted to see. * * * If there had been any wavering, I would have told you. [T.p. 142-143.]
 Based upon the above, it is clear that the trial court found that the apparent discrepancy between the bill of particulars and the testimony elicited from Auxier did not meet the "particularized need" standard because Auxier's grand-jury testimony was essentially consistent with that which he provided at trial with respect to whether Parsons brandished a handgun in the commission of the alleged robbery. Parsons has not sustained his burden of showing that nondisclosure of the grand-jury testimony deprived him of a fair trial, and we find no abuse of discretion in the trial court's ruling. The first assignment of error is accordingly overruled.
In the second assignment of error, Parsons attacks the admission into evidence of Officer Nickels's testimony regarding statements made to him by Auxier with respect to the robbery. This assignment is meritless, as we conclude that the statements made by Auxier to Officer Nickels fit within the hearsay exception provided in Evid.R. 801(D)(1)(b).
A review of the record reveals that the defense was attempting to elicit, through its cross-examination of police officer Richard Mann, that Auxier's trial testimony was inconsistent with prior statements he had made to police with respect to whether Parsons had in fact possessed a gun during the alleged robbery. Thus, Officer Nickels's testimony about Auxier's out-of-court statements, which were consistent with his trial testimony, were properly admitted into evidence at trial to "rebut the implied charge of recent fabrication" within the meaning of Evid.R. 801(D)(1)(b). The second assignment of error is, therefore, overruled.
In the third assignment of error, Parsons alleges that the trial court erred in denying his Crim.R. 29 motions for acquittal and in entering judgment on the jury's verdict when the evidence was insufficient to support the verdict.
For this court to reverse a conviction based on insufficient evidence, we must conclude, after viewing the evidence in a light most favorable to the state, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus. Likewise, to invalidate a trial court's denial of a Crim.R. 29 motion for acquittal, we must determine that the evidence was such that reasonable minds could not differ in concluding that the state had failed to prove each material element of the crime beyond a reasonable doubt. See State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus; State v. Alfieri (Dec. 31, 1998), Hamilton App. Nos. C-970490 and C-970526, unreported. In the review of such a motion, the evidence must be viewed in a light most favorable to the state. State v. Evans (1992), 63 Ohio St.3d 231,248, 586 N.E.2d 1042.
Parsons first challenges the state's evidence with respect to the aggravated robbery charge. The statute proscribing aggravated robbery, R.C. 2911.01(A)(1), states in pertinent part that "no person in attempting or committing a theft offense * * * shall have a deadly weapon or dangerous ordnance on or about his person or under his control." R.C. 2923.11 defines a "deadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon." Parsons alleges that there was no evidence to substantiate that he had a deadly weapon,i.e., a handgun, at the time of the offense.
The evidence provided by the state with respect to this element came from the testimony supplied by Auxier. Auxier testified repeatedly and adamantly that Parsons pointed a handgun, described as small and dull-colored, at him when the demand for money was made. Thus, we conclude, based on the fact that the victim saw the gun and described it in particular terms, that the state presented sufficient to establish the element of a deadly weapon. See State v. Green (1996), 117 Ohio App.3d 644, 691 N.E.2d 316.
Parsons next challenges the sufficiency of the evidence regarding the robbery charge. Contrary to Parsons's position, we are convinced that the state did produce sufficient evidence with respect to all of the elements of robbery. Clearly, Parsons threatened to inflict physical harm within the meaning of R.C.2911.02(A)(2) by pointing the gun directly at Auxier and demanding his money.
Given the above evidence, we are unable to conclude that no rational trier of fact could have found that the state had proved, beyond a reasonable doubt, that Parsons displayed a deadly weapon and threatened to inflict harm upon Auxier. Accordingly, we conclude that Parsons's convictions were supported by sufficient evidence and that the trial court properly denied his Crim.R. 29 motions for acquittal. The third assignment of error is overruled.
The fourth assignment of error claims that the weight of the evidence does not support the verdicts of guilt on the aggravated robbery and robbery charges based on Parsons's contention that Auxier's testimony was not credible.
To reverse a conviction on a manifest-weight-of-the-evidence claim, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine that the factfinder "lost its way."State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720-721; State v. Alfieri, supra. But our discretionary power to grant a new trial may only be exercised in the exceptional case in which the evidence weighs heavily against conviction. Id.
Parsons cites to a few minor inconsistencies in Auxier's testimony in support of this assignment of error. The record reflects that these points of contention raised by Parsons were brought to the jury's attention during the trial. Moreover, Parsons did not deny being at the church and asking Auxier for money. The only part of the charges that he denied was his possession of the gun, which was a point on which Auxier did not waver. It was primarily the obligation of the jury to assess the credibility of the witnesses and to weigh the evidence. Based on our review of the record in this matter, we are unable to conclude that the jury lost its way in assessing the witnesses' credibility. We conclude, therefore, that Parsons's conviction was not against the weight of the evidence, and we overrule the fourth assignment of error.
In the fifth and final assignment of error, Parsons asserts that the aggravated robbery and the robbery were allied offenses of similar import, and that the trial court erred by sentencing him for both offenses. We note that the state concedes that the offenses did indeed constitute allied offenses of similar import.
We find Parsons's contention well taken. We conclude, under the authority of Newark v. Vazirani (1990), 48 Ohio St.3d 81,549 N.E.2d 520, and State v. Blankenship (1988), 38 Ohio St.3d 116,526 N.E.2d 816, and after examining the facts of the case in light of the statutory elements of aggravated robbery and robbery, that the two offenses were allied offenses of similar import. Therefore, Parsons may not be convicted of both offenses. Appellant's fifth assignment of error is sustained.
In sum, although we have found no error affecting the adjudication of guilt, we have recognized an error in sentencing. Accordingly, we reverse only the sentences of the trial court and remand the case for resentencing consistent with this decision.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed in part, sentences vacated and causeremanded.
Sundermann, P.J., Gorman and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on March 5, 1999 per order of the Court _______________________________. Presiding Judge