OPINION
{¶ 1} Defendant, Chester Finely, appeals from his conviction and sentence on two counts of gross sexual imposition.
 {¶ 2} LM is Defendant's granddaughter. TG is a boy and LM's best friend. At the time of trial LM was eight years old and in third grade. TG is in third grade with LM. They attend the same school and are in the same class.
 {¶ 3} During the summer of 2001, before LM and TG entered first grade, Defendant babysat the children at LM's home. On one occasion when Defendant was alone with the children, a dispute arose when the children wanted to watch cartoons but Defendant did not. The children kept changing the channel, which prompted Defendant to tell them: "If you don't stop, I will pull down your pants and underwear and touch your privates." Despite the warning TG changed the channel.
 {¶ 4} Defendant immediately grabbed LM, held her hands above her head, pulled down her pants and underwear, and rubbed his hand back and forth between her legs. TG then ran and hid in LM's bedroom. When Defendant finished with LM, he found TG. LM followed Defendant and saw that while TG was on a bed, Defendant held TG's hands above his head and pulled down his pants and underwear. LM said that Defendant "started messing with his private, rubbing up and down on TG's private." According to TG, Defendant began "yanking his private back and forth." Defendant told both children: "If you tell, you'll get in trouble and I won't." When LM's parents came home, Defendant rushed into the living room and began watching television. Neither child said anything at the time. Later, TG told his older sister, who then made TG tell his parents.
 {¶ 5} According to LM, approximately one year after this incident occurred in her home, another incident took place inside Defendant's apartment when he kept LM overnight. On that occasion Defendant held LM's hands above her head, pulled her pants and underwear down, and attempted to penetrate LM's vagina with his penis. According to LM, when that proved unsuccessful, Defendant rubbed his penis against LM's vagina until "his seed came out."
 {¶ 6} As a result of these events, Defendant was indicted on one count of Rape, R.C. 2907.02(A)(1)(b), and two counts of Gross Sexual Imposition, R.C. 2907.05(A)(4). Following a jury trial Defendant was found not guilty on the rape charge but guilty on both gross sexual imposition charges. The trial court sentenced Defendant to the maximum term of five years on each count, and ordered that the sentences be served consecutively, for a total of ten years imprisonment.
 {¶ 7} Defendant has timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 8} "Appellant's conviction should be reversed because there was insufficient evidence in the record to sustain a guilty verdict."
 {¶ 9} Defendant argues that the trial court erred in failing to grant his Crim.R. 29 motion for acquittal.
 {¶ 10} When considering a Crim.R. 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt.State v. Bridgeman (1978), 55 Ohio St.2d 261. The motion will be granted only when reasonable minds could only conclude that the evidence fails to prove all of the elements of the offense.State v. Miles (1996), 114 Ohio App.3d 738.
 {¶ 11} A Crim.R. 29 motion challenges the legal sufficiency of the evidence. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins,
(1997), 78 Ohio St.3d 380. The proper test to apply in such an inquiry is the one set forth in paragraph two of the syllabus ofState v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 12} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 13} Defendant was found guilty of Gross Sexual Imposition, R.C. 2907.05(A)(4) which provides:
 {¶ 14} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender, or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 15} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 16} "Sexual contact" is defined in R.C. 2907.01(B):
 {¶ 17} "`Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, public region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 18} Defendant argues that the evidence is legally insufficient to sustain his conviction for two reasons: (1) the State failed to prove that TG was less than thirteen years of age at the time of this offense, and (2) the State failed to prove that Defendant's sexual contact with the children was for the purpose of sexually arousing or gratifying himself.
 {¶ 19} Although the State did not directly ask TG how old he was when this offense occurred, the State did provide adequate circumstantial evidence from which the jury could reasonably infer that TG was less than thirteen years of age when this offense occurred. Circumstantial evidence has the same probative value as direct evidence. State v. Jenks, supra.
 {¶ 20} The evidence presented demonstrates that this offense occurred during the summer before TG and LM began the first grade of school. At the time of trial LM was eight years old and in the third grade. TG attended the same school and was in the same grade and same class as LM. The jury could reasonably infer from this evidence that TG was under thirteen years of age when sexually assaulted by Defendant.
 {¶ 21} Defendant additionally argues that even if the evidence is sufficient to prove that he had sexual contact with these children, the State nevertheless failed to prove that his purpose in doing that was sexual arousal or gratification. Defendant claims that the improper touching was a form of discipline, and he points to the warning he gave the children about changing channels on the television: "If you don't stop, I'll pull your pants and underwear down and touch your privates."
 {¶ 22} The offense of Gross Sexual Imposition, R.C.2907.05(A)(4), requires sexual contact between defendant and victim. Any of the forms of sexual conduct described in R.C.2907.05(B) must be undertaken "for the purpose of sexually arousing or gratifying either person" for sexual conduct to occur and a violation of R.C. 2907.05(A)(4) to result.
 {¶ 23} A "purpose" is a specific intention to cause a certain result. R.C. 2901.22(A). It is much the same as a motive, which is "a mental state which induces an act." Shelton v. State
(1922), 106 Ohio St. 243, 238.
 {¶ 24} We have held that the sex offense of Rape is committed for the obvious motive of sexual gratification. State v. Smith
(1992), 84 Ohio App.3d 647. The same reasonably applies to the offense of Gross Sexual Imposition. However, while a person's motive is immaterial to criminal liability, a person's "purpose" is not, when purpose is the culpable mental state which a statutory criminal offense specifies. R.C. 2901.21(A)(2). Then, the trier of fact must find that the defendant acted with the prohibited purpose beyond a reasonable doubt. R.C. 2901.05(A).
 {¶ 25} Defendant's purpose in touching the genitals of these children is not susceptible to proof by direct evidence. Rather, it must be inferred from circumstantial evidence, such as the type, nature and circumstances surrounding the conduct involved.State v. Mundy (1994), 99 Ohio App.3d 275, 289. The evidence in this case clearly demonstrates that the touching of these children's genitals by Defendant was not accidental or inadvertent, so as to cast doubt upon his purpose or motive. Rather, the sexual touching by Defendant was a deliberate, premeditated act that involved removing or pulling aside the children's clothing and restraining their hands. That evidence is sufficient to support a reasonable inference that Defendant's improper sexual contact with these children was for the purpose of arousing or gratifying himself. Obviously, the jury chose to reject Defendant's claim that the sexual touching was a form of discipline, as it was entitled to do.
 {¶ 26} Viewing the evidence presented in this case in a light most favorable to the State, we conclude that a rational trier of facts could find all of the essential elements of gross sexual imposition proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence and the trial court properly overruled Defendant's Crim.R. 29 motion for acquittal.
 {¶ 27} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 28} "The guilty verdict was against the manifest weight of evidence."
 {¶ 29} A weight of the evidence argument challenges the believability of the evidence; which of the competing inferences suggested by the evidence is more believable or persuasive.State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 30} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 31} Defendant argues that his conviction is against the manifest weight of the evidence because the State offered no physical or scientific evidence to prove he had sexual contact with these children. Such evidence is not required.
 {¶ 32} LM and TG both testified that Defendant had touched their genitals, and about the nature, extent and circumstances surrounding that contact. Defendant on the other hand presented no testimony. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 33} In State v. Lawson (August 22, 1997), Montgomery App. No. 16288, this court stated:
 {¶ 34} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 35} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. State v. Bradley (October 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 36} The jury did not lose its way in this case simply because it chose to believe the children, which it was entitled to do. Reviewing this record as a whole we cannot say that the evidence weighs heavily against a conviction, that the jury lost its way, or that a manifest miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence.
 {¶ 37} The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 38} "The trial court erred by sentencing appellant to a maximum consecutive term of confinement."
 {¶ 39} Defendant argues that the maximum consecutive sentences the court imposed are inconsistent with the purposes of felony sentencing that R.C. 2929.11(A) identifies, the serious and recidivism factors that R.C. 2929.12 requires the court to consider, the further provisions of R.C. 2929.14(C) that governs maximum sentences, and the provisions of R.C. 2929.19(B)(2)(e) that apply to consecutive sentences.
 {¶ 40} Defendant does not argue that the trial court failed to engage in any of the exercises which the foregoing sections require of it, or that his sentence is contrary to law. Instead, he argues that his record of but one prior felony conviction nine years before, coupled with the lesser sentence of eight years which the State had proposed to recommend as a part of its plea bargain offer, suggest that the court imposed a more burdensome ten years total sentence because he rejected the State's offer and exercised his right to trial.
 {¶ 41} R.C. 2953.08(G) confines our review of sentences to the grounds that section specifies, which Defendant has not invoked, and further states that the power conferred on us by that section to change a sentence the trial court imposed cannot be exercised on an abuse of discretion standard. Yet, an abuse discretion is the nature of the cause or causes which Defendant alleges. In that regard, Defendant suggests that the trial court acted vindictively because he elected to exercise his constitutional right to trial instead of entering a plea of guilty or no contest, in response to the State's offer.
 {¶ 42} A criminal defendant cannot be punished for rejecting a plea offer and exercising his constitutional right to a jury trial. State v. O'Dell (1989), 45 Ohio St.3d 10. However, vindictiveness in that respect on the part of a sentencing court is not presumed merely because the sentence imposed is harsher than one offered in plea negotiations. State v. Mitchell
(1997), 117 Ohio App.3d 703. There must be some positive evidence which portrays a vindictive purpose on the court's part.
 {¶ 43} There is no evidence that the court was even aware of the State's offer to recommend an eight year sentence, much less any indication that the court had participated in those negotiations in such a way as to give it a stake in the outcome proposed. It is far more likely that the sentence the court imposed is a product of the more extensive relevant sentencing information that the trial produced. See Alabama v. Smith
(1989), 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865. A defendant assumes that risk when he rejects the more truncated and less informative proceeding that a guilty or no contest plea involves.
 {¶ 44} The third assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.