{¶ 93} I respectfully dissent from the majority on the third assignment of error. The right to a fair trial, including due process and the confrontation of witnesses, is enshrined in both the federal and state constitutions. It was denied here, because the defense demonstrated a particularized need to examine the grand jury transcripts which outweighed the state's need to keep those proceedings secret.
 {¶ 94} Johnson was bound over at the preliminary hearing on a charge of domestic violence stemming from the incident of March 25, 2004. In the secret world of the grand jury, domestic violence kaleidoscoped into more serious and violent crimes, resulting in an indictment including a charge of felony one rape.
 {¶ 95} The state notes that the police report of the March 25, 2004 incident was consistent with the indictment. But the victim's testimony at the preliminary hearing was not. At that time, she made no reference to a rape on March 25, 2004. Clearly, her testimony in front of the grand jury was different, for a rape indictment to emerge. The material inconsistency between the testimony at the preliminary hearing, and the indictment, creates a complete case of particularized need. The victim's credibility, as well as Johnson's right to confront her and challenge her testimony, was at stake.
 {¶ 96} In Greer, at paragraph two of the syllabus, the Ohio Supreme Court stated that an accused is not entitled to see grand jury transcripts unless the ends of justice require it, and he shows that "a particularized need for disclosure exists which outweighs the need for secrecy." (Emphasis added.) See, also,State v. Webb, 70 Ohio St.3d 325, 337, 1994-Ohio-425. Such a need exists "`when the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the defendant a fair trial * * *.'" State v. Davis (1988),38 Ohio St.3d 361, 365, quoting State v. Sellards (1985),17 Ohio St.3d 169, 173.
 {¶ 97} Determining whether there is a "particularized need" is a matter within the trial court's discretion. Greer, at paragraph one of the syllabus. In State v. Grewell (1989),45 Ohio St.3d 4, 9, the Ohio Supreme Court held that discrepancies between grand jury testimony and information provided at a later date did not meet the "particularized need" standard, where those discrepancies were not substantial and involved only dates and locations of incidents that were easily clarified by other testimony. In the case at bar, the indictments that emerged from the grand jury were for crimes different than those for which Johnson was bound over. The testimony of the complainant must have been substantially different before the grand jury for this to occur, yet the trial court did not do an in camera evaluation. That failure compromised Johnson's ability to demonstrate error and increased the likelihood of an unfair trial in violation of his constitutional rights.
 {¶ 98} The majority holds that Johnson was not prejudiced since he was acquitted of the March 25, 2004 rape charge. Denial of due process and other basic constitutional rights is inherently prejudicial. The well-established rationale for preserving the secrecy of grand jury proceedings would not have been compromised by an in camera inspection of the grand jury transcripts in this case.
 {¶ 99} Accordingly, while concurring in part, I dissent regarding the disposition of the third assignment of error.