OPINION
{¶ 1} Defendant, Lincoln Collins, appeals from his conviction and sentence for escape. R.C. 2921.34(A)(1).
 {¶ 2} Defendant was released from prison in June 2006, under the supervision of the Adult Parole Authority, after serving a prison term for a robbery offense. Defendant failed *Page 2 
to report to the Adult Parole Authority as ordered, and a warrant was issued for his arrest. When Defendant was subsequently arrested he was under the supervision of parole officer Mark Patterson in Franklin County.
 {¶ 3} In order to separate Defendant from his Franklin County drug connection, Patterson arranged a residential placement for Defendant at Booth House in Montgomery County, where Parole Officer Kirsta Burke assumed supervision of Defendant. Burke explained to Defendant that he could be charged with escape if he absconded from Booth House or Adult Parole Authority supervision.
 {¶ 4} Defendant was transported to Booth House on October 16, 2006. Employment was arranged for Defendant with Rumpke. On November 6, 2006, Defendant left Booth House to go to work and never returned. When Ms. Burke could not locate Defendant, a warrant was issued for his arrest. In December 2006 Defendant was arrested in Franklin County, on the warrant.
 {¶ 5} Defendant was indicted on one count of escape in violation of R.C. 2921.34(A)(1) for failure to return to his detention at Booth House after leaving to go to work. Following a jury trial Defendant was found guilty as charged. The trial court sentenced Defendant to a four year prison *Page 3 
term.
 {¶ 6} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 8} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different.Id.; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 9} Defendant argues that his trial counsel's performance was deficient in several respects. First, Defendant complains that his counsel performed deficiently by failing to object to a colloquy between the trial court and Defendant during the final pretrial conference. At that conference the trial court reviewed with Defendant the state of the plea negotiations, which included the State's offer to *Page 4 
recommend a minimum two year sentence in exchange for a guilty plea, and the trial court's agreement to impose that minimum two year term should the Defendant accept the State's offer. The court also discussed with Defendant the ramifications of rejecting the plea offer and going to trial should Defendant be found guilty, including the fact that the court could sentence Defendant to up to eight years in prison if convicted. The trial court also clarified for Defendant what issues would be involved at his upcoming trial.
 {¶ 10} Although Defendant characterizes this colloquy between him and the trial court at the final pretrial conference as improper, he cites no authority to support that argument. We see nothing improper about the trial court personally addressing Defendant and making sure he understands the State's plea offer, the possible ramifications of rejecting that offer, and the issues on which the court would and would not allow evidence to be presented at Defendant's upcoming trial.
 {¶ 11} Defendant's primary objection to his colloquy with the trial court appears to be that he made statements which constitute evidence that could prove the elements of the offense charged. However, evidence of Defendant's admission, if one was made, was not in any way used against him at his *Page 5 
trial where the jury, and not the trial court, acted as the trier of facts. Defendant fails to demonstrate deficient performance by his counsel in not objecting to the colloquy between the trial court and Defendant.
 {¶ 12} Defendant also claims that his counsel performed deficiently by failing to advise him about the elements of the offense, the possible defenses, the penalties, and the fact that Defendant's argument that he had already been punished for this offense by his parole officer in Franklin County, who placed him in a halfway house there when he was apprehended, was unlikely of success. Matters such as counsel's conversations with Defendant about this case are outside this record and, as a result, cannot be determined from the record before us in this direct appeal. We cannot presume from a silent record that counsel failed to discuss his case with Defendant. No deficient performance by counsel is demonstrated.
 {¶ 13} Defendant further claims that his counsel performed deficiently by putting him on the witness stand where, in essence, Defendant admitted the crime of escape. Counsel cannot be faulted for calling Defendant as a witness, because the decision whether to testify is an inherently personal right exercised or waived by the client, not by his attorney. *Page 6 State v. Copeland, Montgomery App. No. 18711, 2002-Ohio-265. Absent evidence to the contrary, we must presume that Defendant's decision to testify was the result of his own knowing, intelligent decision.Id. No deficient performance by counsel is demonstrated.
 {¶ 14} Defendant additionally claims that his counsel performed deficiently because he gave a short, unconvincing closing argument that resulted in a guilty verdict after only forty-three minutes of deliberation by the jury. As defendant acknowledges in his brief, however, his own testimony at trial was a virtual admission of guilt.
 {¶ 15} This case was simple and straightforward, and defense counsel clearly did not have much to work with. State v. Kelly, Montgomery App. No. 19150, 2002-Ohio-5130. Counsel attempted to convince the jury that Defendant had already been punished for his conduct in escaping from Booth House by his parole officer in Franklin County, and that should be sufficient. Given the overwhelming evidence of Defendant's guilt, that may have been counsel's best argument. There's an old rule in trial practice, that "you can only go with what you've got." No deficient performance by counsel is demonstrated.
 {¶ 16} Finally, Defendant complains that his counsel *Page 7 
performed deficiently by failing to object to the greater than minimum sentence the trial court imposed on grounds that he was punished for taking his case to trial rather than accept the State's plea offer. However, as discussed in our disposition of the second assignment of error, information that was previously unknown to the court was presented during the trial, which rebuts the suggestion that Defendant's greater than minimum sentence was the result of vindictiveness because Defendant refused to plead guilty. Having failed to demonstrate any deficient performance by counsel, ineffective assistance of counsel is not shown.
 {¶ 17} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 18} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED THE APPELLANT, WHO EXERCISED HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL, TO A GREATER PERIOD OF INCARCERATION THAN THE SENTENCE AGREED TO BY THE STATE AND TRIAL COURT IF APPELLANT HAD ENTERED A GUILTY PLEA WITHOUT SHOWING THAT NO IMPROPER WEIGHT WAS GIVEN THE FAILURE TO PLEAD GUILTY AND THE TRIAL COURT DID NOT AFFIRMATIVELY SHOW THAT THE COURT SENTENCED DEFENDANT SOLELY UPON THE FACTS OF HIS CASE AND HIS PERSONAL HISTORY."
 {¶ 19} Prior to trial, the State offered to recommend a *Page 8 
minimum two year sentence if Defendant agreed to plead guilty.
The trial court indicated that it would abide by the terms of any such plea agreement and impose a two year sentence if Defendant chose to enter a guilty plea. The trial court also informed Defendant that if he elected to go to trial and was found guilty, the court could impose a sentence of up to eight years in prison. Defendant chose to proceed to a jury trial and was found guilty. The trial court sentenced Defendant to four years in prison. Defendant argues that the trial court acted vindictively and imposed a more onerous sentence than was contemplated had Defendant pled guilty, because Defendant rejected the State's plea offer and exercised his constitutional right to a jury trial.
 {¶ 20} In State v. Finley, Montgomery App. No. 19654, 2004-Ohio-661, at ¶ 42, this court observed:
 {¶ 21} "A criminal defendant cannot be punished for rejecting a plea offer and exercising his constitutional right to a jury trial. State v.O'Dell (1989), 45 Ohio St.3d 10. However, vindictiveness in that respect on the part of a sentencing court is not presumed merely because the sentence imposed is harsher than one offered in plea negotiations.State v. Mitchell (1997), 117 Ohio App.3d 703, 691 N.E.2d 354. There must be some positive evidence which portrays a *Page 9 
vindictive purpose on the court's part."
 {¶ 22} There is no positive evidence in this record which portrays a vindictive purpose on the trial court's part. To the contrary, statements the court made at the time of sentencing clearly demonstrate that Defendant's sentence was a product of the more extensive, relevant sentencing information that Defendant's trial produced. Defendant assumed that risk when he rejected the more truncated and less informative proceeding that a guilty plea involves. Finley, at ¶ 43.
 {¶ 23} The trial court stated at sentencing: "After reviewing the evidence at trial and also being aware, based upon that trial, of Mr. Collins' record, I'm going to sentence Mr. Collins to four years . . ." That statement shows that no improper weight was given to Defendant's failure to plead guilty, and that the court sentenced him solely on the facts of his case and his personal history. State v. Brewer (April 26, 1983), Montgomery App. No. 7870; Columbus v. Bee (1979),67 Ohio App.2d 65.
 {¶ 24} We further note that, despite Defendant's contention that no new information came out at trial, during the trial the court learned of new information that may have impacted its sentencing decision. At the final pretrial conference the court was under the impression that Defendant had turned *Page 10 
himself in to authorities in Franklin County after he absconded from Booth House. The evidence presented at trial showed Defendant was instead arrested on a fugitive warrant. Furthermore, Defendant admitted he would have never turned himself in to authorities.
 {¶ 25} Other facts that came out at trial include Defendant's failure to report to the Adult Parole Authority after he was initially released from prison in June 2006, and Defendant's absconding from a halfway house in Columbus less than twenty four hours after he was placed there by his Franklin County parole officer as a sanction for absconding from Booth House in Montgomery County. Defendant fails to demonstrate any vindictive purpose on the part of the trial court to punish him for rejecting the State's plea offer and electing to go to trial.
 {¶ 26} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
DONOVAN, J. And GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
E. Lynn Nothstine, Esq.
Eric A. Stamps
 Hon. Michael L. Tucker *Page 1